# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WALTER TRIPP,<br><br>    Plaintiff,<br><br>    v.<br><br>CONNIE BISBEE, et al.,<br><br>    Defendants. | 3:15-cv-00030-RCJ-VPC<br><br>**SCREENING ORDER** |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, submitted a civil rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. (Doc. #1.) The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.  SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any civil case "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, the court must dismiss the case if "the allegation of poverty is untrue" or if the court determines the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

Dismissal for failure to state a claim under § 1915A incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). To survive § 1915A review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court liberally construes *pro se* civil rights complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regrading the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

**II.   SCREENING OF COMPLAINT**

Plaintiff brings a complaint under 42 U.S.C. § 1983, asserting one claim for violation of the Fourteenth Amendment's Equal Protection Clause against Defendants Connie Bisbee, Adam Endel, Susan Jackson, and Tony Corda. (Compl. (Doc. #1-1) at 4-6.) Plaintiff seeks declarative and injunctive relief. (*Id.* at 10.) Roger Hull, an "inmate preparer," assisted Plaintiff with the preparation of the complaint. (*Id.*)

/ / /

Plaintiff is a convicted sex offender.  (*Id.* at 3-4.)  Plaintiff alleges Defendant Connie Bisbee, Chairman of the Nevada Board of Parole Commissioners ("Parole Board"), has a personal policy that discriminates against sex offenders.  (*Id.*)  Plaintiff further alleges Defendant Bisbee's policy caused the other Defendants, Adam Endel, Susan Jackson, and Tony Corda, who are Parole Board members, to be biased against sex offenders.  (*Id.* at 3-6.)  Specifically, Plaintiff alleges he has made efforts to show he would be a good risk for parole, such as obtaining a psychosexual evaluation at his own expense from Earl S. Nelson, PhD., which "supported parole and stated [Plaintiff] is not the high risk he was in 1991."  (*Id.* at 5.)  Plaintiff alleges that despite his efforts, the Parole Board has denied him parole due to Defendant Bisbee's policy.  (*Id.* at 3-5.)  Meanwhile, Plaintiff contends the Parole Board has granted parole to similarly situated non-sex offenders who would be a bad risk for parole.  (*Id.*)  Plaintiff contends Defendants are acting contrary to Ninth Circuit law by using the unchanging fact of Plaintiff's crime rather than considering what Plaintiff has done since being incarcerated.  (*Id.* at 5.)  Plaintiff requests an unbiased parole hearing and requests that the Court order the Parole Board to cease systematic discrimination against sex offenders.  (*Id.* at 6, 10.)

Plaintiff fails to state a claim against Defendants as a matter of law.  Parole board officials "are entitled to absolute quasi-judicial immunity for decisions 'to grant, deny, or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges."  *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (quoting *Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981)).  The Court therefore will dismiss Plaintiff's complaint in its entirety, with prejudice, as amendment would be futile.  To the extent Plaintiff is attempting to challenge the fact or duration of his imprisonment, Plaintiff's remedy is a writ of *habeas corpus*.  *See Sellars*, 641 F.2d at 1303-04.

**III.   CONCLUSION**

IT IS ORDERED that the Clerk of Court shall file Plaintiff Walter Tripp's complaint (Doc. #1-1).

IT IS FURTHER ORDERED that Plaintiff Walter Tripp's complaint is DISMISSED in

its entirety for failure to state a claim, with prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that Plaintiff Walter Tripp's application to proceed *in forma pauperis* (Doc. #1) is DENIED as moot.

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal from this Order would **not** be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment in favor of Defendants Connie Bisbee, Adam Endel, Susan Jackson, and Tony Corda and against Plaintiff Walter Tripp.

Dated:  This 11th day of June, 2015.

_____
ROBERT C. JONES
United States District Judge