# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WALTER TRIPP,<br><br>    Plaintiff,<br><br>vs.<br><br>CONNIE BISBEE et al.,<br><br>    Defendants. | 3:15-cv-00030-RCJ-VPC<br><br>**ORDER** |

Plaintiff Walter Tripp is a convicted sex offender. He sued four members of the Nevada Board of Parole Commissioners in this Court, claiming that they violated his rights under the Equal Protection Clause of the Fourteenth Amendment via their alleged policy of automatically denying parole to sex offenders. The Court dismissed the Complaint upon screening under 28 U.S.C. § 1915A. Both this Court and the Court of Appeals found the appeal to be frivolous and therefore denied *in forma pauperis* status on appeal. The Court of Appeals ordered Plaintiff to pay the full filing fee by October 7, 2015 if he wished to proceed anyway. Plaintiff asked the Court to reconsider its dismissal and for leave to amend. The Court denied the motions. Plaintiff appealed the denial of the motion to reconsider. The Court of Appeals reversed and remanded, finding that Defendants were potentially amenable to injunctive relief (but not

damages) to the extent Plaintiff did not seek a speedier release but only a new hearing free from any alleged constitutional infirmities. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

The Court now reconsiders the screening order on the merits as directed by the Court of Appeals and dismisses.  There is no fundamental right at stake, *see Moor v. Palmer*, 603 F.3d 658, 662 (9th Cir. 2010) (citing *Severance v. Armstrong*, 620 P.2d 369, 370 (Nev. 1980)) (noting that there is no liberty interest in parole in Nevada), and the distinction Defendants have allegedly drawn (sex offenders versus non-sex offenders) does not implicate any suspect or quasi-suspect category of persons, so rational basis review applies.  Under rational basis review, a court does not judge the perceived wisdom or fairness of a law, nor does it examine the actual rationale for the law when adopted; it asks only whether "there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Heller v. Doe*, 509 U.S. 312, 319–20 (1993) (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)).  The Court agrees with other courts that have found a rational basis for treating sex offenders differently from non-sex offenders in the parole context due to concerns of community safety and recidivism. *See, e.g.*, *Gale v. Moore*, 763 F.2d 341, 343–44 (8th Cir. 1985); *Juarez v. Renico*, 149 F. Supp. 2d 319, 325 (N.D. Mich. 2001).  The Court of Appeals has noted that in some contexts there is a rational basis for a state to distinguish not only between sex offenders and non-sex offenders, but even between very fine gradations of sex offenders such as those guilty of oral copulation versus sexual intercourse with minors. *Jones v. Solis*, 121 Fed. Appx. 228, 229–230 & n.2 (9th Cir. Feb. 2, 2005).  Because amendment would be futile, the Court will not give leave to amend.  There is no set of facts that will give Plaintiff a liberty interest in parole in Nevada, and there is no set of facts that will negate the rational basis Defendants have to treat sex offenders and non-sex offenders differently for the purposes of parole.

**CONCLUSION**

IT IS HEREBY ORDERED that the Complaint is DISMISSED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated this 4th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge